**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION
FILED
September 30, 2005
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| **AMP PLUS, INC. d/b/a/ ELCO LIGHTING,** | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | **CIVIL ACTION NO. 3:04-CV-2636-R** |
| **TEXAS INSTRUMENTS INCORPORATED** | § § § § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Before this court is Plaintiff's Letter Brief, Defendant's Response, and Plaintiff's Letter Reply Brief to determine the burden of proof in this case and which party bears that burden (filed Sept. 23, 2005). For the reasons discussed below, this Court finds that, in order to avoid indemnity, the burden is on the Defendant to show that Plaintiff was independently liable in the underlying state court action.

**I. BACKGROUND**

AMP Plus, Inc. d/b/a Elco Lighting ("Plaintiff" or "Elco Lighting") seeks indemnity from Texas Instruments Incorporated ("Defendant" or "Texas Instruments") pursuant to section 82.002(a) of the Texas Products Liability Act ("the Act") for losses and attorneys fees it incurred in the underlying lawsuit. The underlying state court action stemmed from a fire which destroyed the home of Obert and Julieanne Nelson located in Dallas, Texas. There the general contractor, Kindred Pecchi & Associates, filed a products liability claim on November 30, 2001, alleging defects in a light fixture supply by Elco Lighting. The homeowners, Obert and Julieanne Nelson, later

intervened also alleging defects in the light fixture at issue. The fixture at issue, a recessed can light, included a thermocouple safety device (component part) manufactured by Texas Instruments.

On September 30, 2004, the underlying state court action was resolved by settlement in which Elco Lighting paid $300,000 to settle the products liability claims. Elco Lighting filed for indemnity on December 12, 2004. Elco Lighting contends that, as seller, it is entitled to indemnity from Texas Instruments pursuant to section 82.002(a), by reason of the payment of settlement monies and because it incurred approximately $150,000 in attorneys fees. The claim was referred to mediation on August 2, 2005.

## II. ANALYSIS

Plaintiff now files a Letter Brief to determine what the burden of proof is under section 82.002(a), and which party bears that burden. Plaintiff claims that under the Act, it is entitled to indemnity as a seller unless Defendant, a component part manufacturer, can show seller was independently culpable. In its Response, Defendant argues that in order to establish indemnity, Plaintiff must first prove that the component part was defective .

Section 82.002 of the Texas Product Liability Act provides that, in certain circumstances, sellers of products may seek indemnity from product manufacturers for losses and attorneys fees sustained in a products liability action. TEX. CIV. PRAC. & REM. CODE ANN. § 82.002(a) (Vernon 1997). A manufacturer is required "to indemnify an innocent seller for certain damages and litigation expenses arising out of a products liability action, but. . . sellers [are required] to bear the damages and expenses for losses they cause." *Meritor Auto., Inc. v. Ruan Leasing Co.,* 44 S.W.3d 86, 88 (Tex. 2001). In other words, the manufacturer must indemnify the seller except when the loss is "caused by the seller's negligence [or other independent culpable conduct]." TEX. CIV. PRAC. &

REM. CODE ANN. § 82.002(a). This duty to indemnify "applies without regard to the manner in which the action is concluded." TEX. CIV. PRAC. & REM. CODE ANN. § 82.002(e)(1). Plaintiff's pleadings are enough to invoke the duty of indemnity, and the manufacturer must show that seller's independent conduct was the cause of the injury to trigger the exception to that duty. *Meritor*, 44 S.W.3d at 91.

A seller is anyone who "is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof." TEX. CIV. PRAC. & REM. CODE ANN. § 82.001 (3). Parties do not dispute that Plaintiff is a seller under the Act. Under section 82.001(4), a "manufacturer" is defined as "any person who is a designer, formulator, constructor, rebuilder, fabricator, producer, compounder, processor, or assembler of any product or component thereof who places the product or any component part thereof in the stream of commerce." TEX. CIV. PRAC. & REM. CODE ANN. § 82.001(4). Under this definition, Texas Instruments qualifies as a statutory manufacturer in this case. When a seller seeks indemnification, the fact that it asserts a claims against a component-part manufacturer versus a general-product manufacturer has no bearing on this characterization.

Strict liability for component-part manufacturers is limited when the component part is integrated into a larger unit before distribution. *Koonce v. Quaker Safety Prods. & Mfg. Co.*, 798 F.2d 700, 715 (5th Cir. 1986) (applying Texas law); *see also* RESTATEMENT (THIRD) OF TORTS, PRODUCTS LIABILITY § 5. If the component-part manufacturer does not participate in the integration of the component into the finished product, it is not strictly liable for defects in the final product. *Bostrom Seating, Inc. v. Crane Carrier Co.*, 140 S.W.3d 681, 682 (Tex. 2004); *see also* RESTATEMENT (THIRD) OF TORTS, PRODUCTS LIABILITY § 5. This rule only applies, however, if

there is no evidence that the component itself is not defective. *Bostrom,* 140 S.W.3d at 683; *see also* RESTATEMENT (THIRD) OF TORTS, PRODUCTS LIABILITY § 5 (finding that a component-part manufacturer is not liable for defects in a final product unless the component part itself is defective).

Legislative history and Texas case law support this conclusion. Before the adoption of the Products Liability Act, Texas common law placed an onerous burden on sellers to prove a product defective before having a right of indemnity against manufacturers. *Freightliner Corp. v. Ruan Leasing Co.*, 6 S.W.3d 726, 729 (Tex. App.-Austin 1999), *aff'd sub nom.*, *Meritor Auto., Inc. v. Ruan Leasing Co.*, 44 S.W.3d 86 (Tex. 2001). Sellers were required to prove the product was defective in an entirely separate action against manufacturers. *See Freightliner*, 6 S.W.3d at 729. To find, as Texas Instruments urges, that Elco Lighting must definitively prove that a defect existed before it is entitled to indemnity would thwart the purpose of the Texas Legislature. The Act clearly places primary liability on manufacturers, who are usually in a better position to recognize and remedy defects. *See id.* The only way for a component-part manufacturer to avoid this burden in cases where, as here,[1] there is evidence that the component part was defective, is to show that the seller's actions were the independent cause of the injuries in the underlying action.

### III. CONCLUSION

---

[1] Texas Instruments contends that there was no viable evidence showing a defect in its component part. Yet Elco Lighting produced expert witnesses who opined that the cause of the light's defect was the thermal protection switch manufactured by Texas Instruments. Just because Texas Instruments disputes this opinion doesn't negate its evidentiary quality.

*MEMORANDUM OPINION AND ORDER–Page 4*

This Court finds that the burden of proof lies with Texas Instruments. To avoid indemnity, Texas Instruments must obtain a finding of independent liability on the part of Elco Lighting.

It is so ORDERED.
Signed: September 30, 2005.

_____
JERRY BUCHMEYER
SENIOR U.S. DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS