IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
March 3, 2006

CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| **AMP PLUS, INC. d/b/a/ ELCO LIGHTING,** | § § § |
| *Plaintiff,* | § § |
| vs. | §    **CIVIL ACTION NO. 3:04-CV-2636-R** |
| **TEXAS INSTRUMENTS INCORPORATED** | § § § § |
| *Defendant.* | § |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Reconsideration and / or Clarification of the Court's Memorandum Opinion and Order on the Burden of Proof, Motion for Status Conference, and Motion for Evidentiary Hearing (filed October 24, 2005) and Defendant's Motion to Exclude Exhibits from Plaintiff's Letter Brief (filed November 21, 2005). For the reasons discussed below, this Court **GRANTS** the Motions in part and **DENIES** them in part.

### I. BACKGROUND

AMP Plus, Inc. d/b/a Elco Lighting ("Plaintiff" or "Elco Lighting") seeks indemnity from Texas Instruments Incorporated ("Defendant" or "TI") pursuant to section 82.002(a) of the Texas Products Liability Act ("the Act") for losses and attorneys fees it incurred in the underlying products liability state court action, filed November 30, 2001 in the 162nd Judicial District of Dallas County, Cause No. 01-10388 (the "underlying lawsuit"). The underlying lawsuit stemmed from a fire which destroyed a home in Dallas, Texas. There the general contractor, Kindred Pecchi & Associates, filed a products liability claim alleging defects in a light fixture supplied by Elco Lighting, a seller of light

fixtures. The homeowners, Obert and Julieanne Nelson, later intervened, also alleging defects in the light fixture at issue and seeking property and other personal damages. The light fixture was equipped with a thermocouple safety device (hereinafter "component part") manufactured by TI. As a result, TI was brought into the lawsuit as a third-party defendant and eventually as a direct defendant.[1]

Several theories were propounded regarding the cause of the fire in the underlying lawsuit. One theory was that the light malfunctioned and / or contained a defect. *See* Pl.'s Compl. (Exh. A). Another theory was that the light fixture at issue, a recessed can light, was negligently installed by another Defendant in the case, Williams Installation. The negligent installation allegedly caused the light to overheat, causing the surrounding insulation to smolder, ultimately leading to the fire itself. *See* Pl.'s Compl. (Exh. A). The light fixture was equipped with the component part manufactured by TI. The function of the component part is to prevent overheating in the light fixture. *See* Def's Letter Resp. Brief, Docket Entry No. 14, at 3.

On September 30, 2004, the underlying lawsuit was resolved by settlement. Elco Lighting paid $300,000 to settle the product liability claims. Elco Lighting filed for indemnity on December 12, 2004. Elco Lighting contends that, as seller, it is entitled to indemnity from TI pursuant to § 82.002(a), by reason of the payment of settlement monies and because it incurred approximately $150,000 in attorneys fees. The claim was referred to mediation on August 2, 2005. During the mediation, parties came to an impasse on the issue of who bore the burden of proof on liability.

In order to resolve this impasse and allow mediation to continue, at the request of the Court-appointed mediator and with the consent of both parties involved, the Court requested that parties

---

[1] The light fixture at issue was designed and manufactured by L&C Lighting Enterprises, Co., Ltd (L&C). Elco Lighting filed a Third-Party Complaint against L&C on October 25, 2005, Docket Entry No. 32.

submit letter briefs on the burden of proof issue.[2]  After considering the submitted letter briefs, the Court filed a Memorandum Opinion and Order on the issue on September 30, 2005, Docket Entry No. 19 ("September 30 Order").  The Court stated that in order to avoid indemnity, where evidence exists of the component part's defectiveness, the burden is on the Defendant to show that Plaintiff was independently liable in the underlying state court action.  Defendants subsequently filed a Motion for Reconsideration and / or Clarification on October 24, 2005 ("Reconsideration Motion") and a Motion to Exclude Exhibits from Plaintiff's Letter Brief on November 21, 2005 ("Exclusion Motion").

## II.  ANALYSIS

### A. Motion for Reconsideration, Motion for Clarification, and Motion to Exclude Exhibits

Defendant moves for reconsideration, arguing that the September 30 Order was a final order.  Defendant does not identify any rule by which it challenges the Court's order.  Therefore, the Court assumes that Defendant makes its Motion pursuant to Rule 60(b).

"Motions for reconsideration serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Texas Instruments, Inc. v. Hyundai Electronics Industries, Company Ltd.*, 50 F.Supp.2d 619, 621 (E.D.Tex.1999) (quoting *Lupo v. Wyeth-Ayerst Laboratories*, 4 F.Supp.2d 642, 643 (E.D.Tex.1997)) (internal quotation marks omitted). Rule 60(b) sets out five specific bases for granting relief from a final order: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct of an adverse party; (4) the judgment is void and (5)

---

[2]  According to Local Rule 83.1, notwithstanding the local civil rules, a presiding judge may direct the parties to proceed in any manner that the judge deems just and expeditious.

*MEMORANDUM OPINION AND ORDER–Page 3*

satisfaction, discharge or release of the judgment. FED.R.CIV.P. 60(b). In addition, Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." FED.R.CIV.P. 60(b)(6). This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the five enumerated grounds - relief will be granted only if "extraordinary circumstances" are present. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir.1995) (citations omitted). Rule 60(b) is not to be used as a substitute or alternative to appeal. *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1042 (5th Cir.1987).

Assuming the September 30 Order was a final order as contemplated by Rule 60(b), Plaintiff fails to allege any exceptional circumstances as grounds for relief. Defendant does not claim that he is entitled to relief based on mistake, inadvertence, surprise or excusable neglect under subsection (1), FED.R.CIV.P. 60(b)(1), nor does he argue that there exists any newly discovered evidence that might justify reconsideration under subsection (2), FED.R.CIV.P. 60(b)(2). He has not alleged fraud under subsection (3), FED.R.CIV.P. 60(b)(3), nor that the order is void based on lack of jurisdiction or denial of due process under subsection (4). FED.R.CIV.P. 60(b)(4). *See Carter v. Fenner*, 136 F.3d 1000, 1006 (5th Cir.1998).

To the extent that Defendant urges reconsideration using the same arguments it used in its letter brief, Defendant fails to point to "extraordinary circumstances" that justify relief from the Court's prior Order. FED.R.CIV.P. 60(b)(6); *see Resolution Trust Corporation v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994) (stating that a motion for reconsideration is not "the proper vehicle for rehashing old arguments").

Defendant also argues in its Exclusions Motion, however, that exhibits used in Plaintiff's letter brief contain hearsay and violate *Daubert* principles. Defendant further asserts that the

Court considered these improper exhibits in issuing the September 30 Order.[3] The Court did not rely on these exhibits in making the determination on which party bears the burden of proof on this issue,[4] and merely mentioned evidence submitted by Elco Lighting briefly in a footnote.[5] The Court recognizes that it was not charged with ruling on a pretrial dispositive motion, but articulating the law at issue for the purpose of facilitating mediation. Thus, the Court recognizes that clarification of the September 30 Order is appropriate.

The Act provides, among other things, that the manufacturer of an allegedly defective product must indemnify the seller for any loss arising out of a products liability action except where the seller independently causes the loss through "negligence, intentional misconduct, or other act or omission, such as negligently modifying or altering the product." TEX. CIV. PRAC. & REM. CODE 82.002(a).[6] The manufacturer is liable to a seller no matter how the underlying injury action is resolved. TEX. CIV. PRAC. & REM.CODE § 82.002(e)(2). It is undisputed that Elco Lighting sustained a "loss" in the underlying action.

Texas state courts have held that a claimant seeking statutory indemnity under the Act "need only prove that it is a statutory seller which suffered a qualifying loss in a products

---

[3] Plaintiff did not file a Response to the Exclusions Motion.

[4] For this reason, at this particular juncture the Court declines to consider whether the exhibits contained hearsay or whether Plaintiff's experts passed *Daubert*'s muster.

[5] In the September 30 Order, the Court commented on evidence submitted by Elco Lighting concerning the alleged defect in the component part. *See* September 30 Order, Docket Entry No. 19, at 4 n. 1.

[6] A "seller" is defined as "a person who is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof." TEX. CIV. PRAC. & REM.CODE § 82.001(3). A "manufacturer" is defined as "a person who is a designer, formulator, constructor, rebuilder, fabricator, producer, compounder, processor, or assembler of any product or any component part thereof and who places the product or any component part thereof in the stream of commerce." TEX. CIV. PRAC. & REM.CODE § 82.001(4). There is no contention that Elco Lighting is not a "seller" or that TI is not a "manufacturer" pursuant to the Act in this case.

liability action as defined by statute and that the defendant qualifies as a statutory manufacturer." *Oasis Oil Corporation v. Koch Refining Co. L.P.*, 60 S.W.3d 248, 255 (Tex.App.-Corpus Christi 2001, no writ). Thus, Elco Lighting need only prove (1) that it is a statutory seller which suffered a qualifying loss in a products liability action as defined by statute and (2) that the defendant qualifies as a statutory manufacturer. *See Meritor Auto., Inc. v. Ruan Leasing Co.,* 44 S.W.3d 86, 91 (Tex. 2001). TI bears the burden of proof to avoid indemnity to an innocent seller. In other words, TI must indemnify Elco Lighting for losses which TI suffered in the underlying action unless it can show that Elco Lighting was independently liable, or caused the underlying plaintiff's injury. *See id.* at 88*; see also Dutton-Lainson Co. v. Do It Best Corp.*, 180, S.W.3d 234, 237-38 (Tex.-App. San Antonio 2005); *Oasis Oil Corp. v. Koch Ref. Co.*, 60 S.W.3d 248, 254 (Tex.App.-Corpus Christi 2001, rule 53.7(f) motion filed Dec. 17, 2001) (interpreting *Meritor* as imposing on the manufacturer the burden of proof on exception to indemnity).

     Of course, there is an "exception to the exception" to this rule for component-part manufacturers where the component part is integrated into a larger unit before distribution. *Koonce v. Quaker Safety Prods. & Mfg. Co.*, 798 F.2d 700, 715 (5th Cir. 1986) (applying Texas law); *see also* RESTATEMENT (THIRD) OF TORTS, PRODUCTS LIABILITY § 5. If the component-part manufacturer does not take part in the integration of the component into the finished product, it is not strictly liable for defects in the final product. *Bostrom Seating, Inc. v. Crane Carrier Co.*, 140 S.W.3d 681, 682 (Tex. 2004); *see also* RESTATEMENT (THIRD) OF TORTS, PRODUCTS LIABILITY § 5. This rule only applies, however, if there is no evidence that the component itself is not defective. *Bostrom,* 140 S.W.3d at 683; *see also* RESTATEMENT (THIRD) OF TORTS, PRODUCTS LIABILITY § 5.

For the purposes of mediation, this means that if there is evidence that the component-part at issue was defective, TI must show that the loss was caused by the seller's negligence, intentional misconduct, or other act or omission, such as negligently modifying or altering the product, for which the seller is independently liable. To the extent that footnote 1 of the September 30 Order could be construed as a determinative finding of evidence on the defectiveness of the component-part at issue, potentially making the September 30 Order a final order for the purposes of Rule 60(b), the Court strikes it from the Order, in addition to the phrase "as here" to which the footnote is affixed.[7]

**C. Motion for Status Conference and Motion for Evidentiary Hearing**

Defendant requests a status conference and / or evidentiary hearing to ascertain when the court will make an assessment as to the sufficiency of evidence and what the procedure for expert witness discovery will be. If parties are unable to resolve the indemnity claim through mediation, this case would proceed just as any other case bound by the Rules of Civil Procedure. These Motions are therefore denied as unwarranted at this juncture of the Court's proceedings.

### III. CONCLUSION

---

[7] For Rule 60(b) purposes, the Supreme Court of Texas has held that "a [final] judgment must dispose of all issues and parties in the case, including those presented by counterclaim or cross action, to be final and appealable." *New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678-79 (Tex.1990) (citing *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966)). As explained *supra,* the September 30 Order did not and was not intended to dispose of all issues and / or all parties on the indemnity claim. Thus, it's not clear whether the September 30 Order was a final order as contemplated by 60(b). Regardless, the Court asserts its authority to clarify the September 30 Order, whether it be construed as final or otherwise. Rule 54(b) provides that any order "which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. . . is subject to revision at any time before the entry of judgment." FED. R. CIV. P. 54(B). The Supreme Court has interpreted this to mean that "every order short of a final decree is subject to reopening at the discretion of the district judge." *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 12 (1983).

The Court finds that Defendant's Motion for Reconsideration is DENIED. Defendant's Motion for Clarification is GRANTED. It is further ORDERED that Defendant's Motion for Status Conference is DENIED; that Defendant's Motion for Evidentiary Hearing is DENIED; and that Defendant's Motion to Exclude Exhibits from Plaintiff's Letter Briefs is DENIED.

It is so ORDERED.
Signed: March 3, 2006.

*Jerry Buchmeyer*

———————————————
JERRY BUCHMEYER
SENIOR U.S. DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS